**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JIMMY HARRIS, | : |
| Petitioner, | : Civil Action No. 13-4755(NLH) |
| v. | : **OPINION** |
| JORDAN R. HOLLINGSWORTH, | : |
| Respondent. | : |

**APPEARANCES**

Jimmy Harris
Toler House RRC
20 Toler Place
Newark, NJ  07114
    Petitioner pro se

John Andrew Ruymann, Esq.
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, NJ  08608
    Counsel for Respondent

**HILLMAN,** District Judge

    Petitioner Jimmy Harris, a prisoner currently confined at Toler House Residential Re-entry Center in Newark, New Jersey, has submitted a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence.[1]

---

[1] Section 2241 provides in relevant part:

Respondent has answered and this matter is now ready for decision.  Because the Bureau of Prisons has calculated Petitioner's sentence correctly, the Petition will be denied.

## I.  BACKGROUND

On or about May 29, 2009, Petitioner was arrested in Jersey City, New Jersey, for possession with intent to distribute controlled dangerous substances.  Petitioner asserts that he was informed by Hudson County officials that there was a federal detainer lodged against him which prohibited him from posting bail on the state charge.  Petitioner has not provided any evidence to substantiate this assertion.

On June 3, 2009, Petitioner was transported to the U.S. District Court for the District of New Jersey, pursuant to a writ of habeas corpus ad prosequendum, to answer unrelated federal fraud charges.  See U.S. v. Harris, Crim. No. 09-0736 (D.N.J.).  On January 25, 2010, Petitioner was sentenced in federal court to a term of 58 months imprisonment to be followed by three years supervised release.  The Judgment is silent as to

---

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. ...
(c) The writ of habeas corpus shall not extend to a prisoner unless -- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

whether the federal sentence should be concurrent with or consecutive to any pending or future state sentence. U.S. v. Harris, Docket Entry No. 15. On the same date, Petitioner was returned to state custody. (Answer, Decl. of John A. Farrar.)

Subsequently, on March 26, 2010, the State of New Jersey sentenced Petitioner to a 3-year term of imprisonment on the pending state drug charges. The state sentence was ordered to be served concurrently with the previously-imposed federal sentence. The state court also gave Petitioner credit for the time spent in custody since his arrest on state charges on May 29, 2009. Petitioner remained in state custody and, on August 23, 2010, the State of New Jersey released Petitioner from his state sentence, via parole, to the U.S. Marshal's Service to begin serving his federal sentence.

The Bureau of Prisons has calculated Petitioner's sentence as commencing on August 23, 2010, and, taking into account all relevant good-conduct time, the Bureau projects a release date of November 7, 2014. The Bureau has not given Petitioner credit against his federal sentence for any time spent in state custody, as all of that time was credited against his state sentence.[2]

---

[2] It is not disputed that, pursuant to Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000), a prisoner detained by federal authorities pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the jurisdiction which first took him

3

Petitioner has brought this Petition asserting that he is entitled to Willis[3] credits for the period from May 29, 2009, when he was first taken into state custody, until March 25, 2010, the day before his state sentence was imposed.[4]  Petitioner has exhausted his administrative remedies.

## II.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241 to consider Petitioner's claim that the Bureau of Prisons has miscalculated his sentence.  See Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011); Vega v. United States, 493

---

into custody, unless the first sovereign relinquishes its jurisdiction over the prisoner.  Here, the State of New Jersey never relinquished its primary jurisdiction over Petitioner, until it released him on parole on August 23, 2010.

[3] In Willis v. United States, 449 F.2d 923 (5th Cir. 1971), decided under former 18 U.S.C. § 3568, the Court of Appeals for the Fifth Circuit held that where a prisoner is denied release on bail on state charges, because of a federal detainer, then that is time spent in custody in connection with the federal offense, and a federal prisoner may be entitled to credit-- against his federal sentence--for that time if he is serving concurrent federal and state sentences where the state sentence will expire before the federal sentence.

[4] This is Petitioner's second § 2241 petition challenging the calculation of his sentence.  In Harris v. Zickefoose, Civil No. 11-7472, 2012 WL 4120537 (D.N.J. Sept. 18, 2012), aff'd, 511 F.App'x 135 (3d Cir. 2013), this Court held that the Bureau of Prisons had properly exercised its discretion under 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), in declining Petitioner's request for a nunc pro tunc designation of his state prison as a place of serving his federal sentence, which would have had the effect of commencing Petitioner's federal prison sentence on the day it was imposed, rather than on the day he was released on parole to federal custody.

F.3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

### III. ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971), as written into the relevant BOP Program Statement, where a federal sentence is imposed to run concurrently to a state sentence, and the federal sentence is to run longer than the state sentence (not counting any credits):

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal.

P.S. 5880.28, Sentence Computation Manual - CCCA, Chapter 1, Section 3, at Page 1-22 (1997).

Here, however, Petitioner's federal sentence was not ordered to run concurrently to his state sentence. Where the district court is silent regarding concurrence, "[m]ultiple terms of imprisonment imposed at different times run consecutively." 18 U.S.C. § 3584(a). Accordingly, where, as here, a prisoner has finished serving a state sentence before his federal sentence begins, he is not entitled to Willis credits. See, Castro v. Sniezek, 437 F.App'x 70 (3d Cir. 2011); Galloway v. Warden of F.C.I. Fort Dix, 385 F.App'x 59, 61, 63, 65 (3d Cir. 2010) (noting that "neither the federal courts nor the BOP are bound in any way by a state court's direction that

the state and federal sentences run concurrently" (citations omitted)).

The Bureau of Prisons properly determined that Petitioner's federal sentence commenced to run on August 23, 2010, when he was delivered into federal custody and that he is not entitled to any credit for the time spent in state custody, all of which was credited to his state sentence. The Petition will be denied.

### IV. CONCLUSION

For the reasons set forth above, the Petition will be denied. An appropriate order follows.


At Camden, New Jersey              s/ Noel L. Hillman
                                   Noel L. Hillman
                                   United States District Judge

Dated:  September 19, 2014